# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| BILLY JULIUS PORTER, JR., | § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. SA-17-CV-144-XR |
| UNITED STATES OF AMERICA, | § § § | |
| *Defendant*. | § § § § | |

## ORDER

On this day, the Court considered Defendant's motion to dismiss (Docket no. 6) challenging the subject matter jurisdiction of the Court. Plaintiff Billy J. Porter has failed to respond to the motion. The motion to dismiss is GRANTED.

## BACKGROUND

Plaintiff filed this defamation action against Andrew Raiber in the Justice Court, Precinct No. 3 in Guadalupe County, Texas on February 3, 2017. Docket no. 1, Exhibit 1. On February 23, the United States Attorney for the Western District of Texas removed the case to this Court and filed a motion to substitute party. Docket nos. 1, 2. The United States, by and through the U.S. Attorney for the Western District, moved to substitute the United States for Raiber, certifying that Raiber was operating in the scope of his employment as Division Chief for the Department of Veterans Affairs when the alleged defamation took place. Docket no. 2. Under 28 U.S.C. § 2679(d)(1),

> [u]pon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against

1

the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

On February 28, the Court granted the motion and substituted the United States for Raiber as the defendant in this case. Docket no. 4. On March 9, the United States filed its motion to dismiss for lack of subject matter jurisdiction, and Plaintiff has failed to respond. Docket no. 6. The Court now turns to Defendant's motion to dismiss.

**DISCUSSION**

Defendant seeks to dismiss Plaintiff's claims for lack of subject matter jurisdiction. Docket no. 6. Defendant contends that Plaintiff failed to exhaust his administrative remedies prior to filing suit pursuant to 28 U.S.C. § 2675(a). Additionally, Defendant argues that the Federal Tort Claims Act does not provide a right of action for defamation. *Id.* The Court agrees.

Under Rule 12(b)(1), a party can seek dismissal of an action for lack of subject matter jurisdiction. FED. R. CIV. P. 12(b)(1). The Court must dismiss a case for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the case." *See Home Builders Assn. of Mississippi, Inc. v. City of Madison,* 143 F.3d 1006, 1010 (5th Cir.1998). A motion to dismiss for lack of jurisdiction under 12(b)(1) may be decided on: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts, plus the Court's resolution of disputed facts. *Freeman v. United States,* 556 F.3d 326, 334 (5th Cir.2009). A plaintiff responding to a factual attack on the court's jurisdiction generally bears the burden of proving by a preponderance of the evidence that the court has subject matter jurisdiction. *Patterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).

The Federal Tort Claims Act is the mechanism through which the United States and its employees may be sued for tortious conduct. *See* 28 U.S.C. § 2671 *et. seq.* Prior to filing a tort

action against the United States or one of its agents, the Federal Tort Claims Act requires that the Plaintiff exhaust his administrative remedies. The FTCA states that:

> [a]n action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). In the present case, the Attorney General has certified that Andrew Raiber was serving within the scope of his employment as an employee of Veterans Administration when the alleged defamation occurred. *See Williams v. United States*, 71 F.3d 502, 504 (5th Cir. 1995) ("The FTCA defines an 'employee of the government' to include 'officers or employees of any federal agency . . . and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation.'") (citing 28 U.S.C. § 2671) (alterations in the original); *see also* docket no. 4 (granting Defendant's motion to substitute). Thus, Plaintiff should have first filed a complaint with the Office of General Counsel for the United States Department of Veterans Affairs[1] prior to filing this suit. *See Wright-Cepeda v. United States*, No. SA-09-CV-441-XR, 2009 WL 3013935, *3 (W.D. Tex. Sept. 17, 2009). Plaintiff fails to allege that he exhausted his administrative remedies prior to filing his complaint; his one-word complaint fails to prove by a preponderance of the evidence that the Court has subject matter jurisdiction. Docket no. 1, Exhibit 1. Accordingly, the Court dismisses this case for lack of subject matter jurisdiction.

Even assuming Plaintiff had filed an administrative claim before filing suit, his claim would be barred by 28 U.S.C. § 2680(h). The FTCA operates by waiving the sovereign

---

[1] "The completed and signed claim should be submitted directly to the Office of General Counsel through the Chief Counsel located in the geographic area wherein the occurrence complained of took place." U.S. Department of Veterans Affairs, *Office of General Counsel*, https://www.va.gov/OGC/FTCA.asp (last updated Nov. 20, 2015).

immunity that United States employees otherwise enjoy. *Truman v. United States*, 26 F.3d 592, 594 (5th Cir. 1994) ("Through the enactment of the FTCA, the government has generally waived its sovereign immunity form tort liability for the negligent or wrongful acts or omissions of its agents within the scope of their employment."). However, "any claim arising out of . . . libel, slander, [or] misrepresentation" is exempted from the FTCA's sovereign immunity waiver. 28 U.S.C. § 2680(h) (listing the exceptions to the act). The Fifth Circuit has held that this exception includes defamation claims. *See Williams*, 71 F.3d at 507; *Johnson v. Sawyer*, 47 F.3d 716, 737-38 (5th Cir. 1995). Again, Plaintiff has not responded to Defendant's motion to dismiss, and nothing in the original complaint refutes Defendant's contention. *See* Docket no. 1, Exhibit 1. Because Plaintiff's claim falls within this exception, Defendant retains sovereign immunity. Thus, the Court lacks subject matter jurisdiction, and must dismiss the case.

## CONCLUSION

Defendant's motion to dismiss (Docket no. 6) pursuant to Rule 12(b)(1) is GRANTED. This case is DISMISSED for lack of subject matter jurisdiction. The Clerk shall enter judgment accordingly and close this case.

SIGNED this 19th day of April, 2017.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE